UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

SHANNON MINISSALI,

    Plaintiff,

v.

CHIPOTLE SERVICES, LLC.,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, SHANNON MINISSALI ("Ms. Minissali" or "Plaintiff") files this Complaint against Defendant, CHIPOTLE SERVICES, LLC., ("Chipotle" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also

has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA and FMLA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Broward County, Florida, and this venue is therefore proper.

5. Defendant is located and doing business in Broward County, Florida, and is therefore within the jurisdiction of the Court.

6. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months

and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## CONDITIONS PRECEDENT

10. On or around October 28, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On October 27, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Minissali worked as a General Manager for Chipotle from September 2018, until her termination on May 20, 2020.

16. Throughout her tenure, Ms. Minissali was an excellent employee, without any significant history of non-ADA/FCRA/FMLA related attendance, performance, or disciplinary issues.

17. Unfortunately, Ms. Minissali suffers from a herniated disc, which substantially impacts her major life activities, including, but not limited to, walking, standing, sitting, working, and required surgery to treat.

18. As such, Ms. Minissali's medical condition is considered both a "protected disability" under the ADA/FCRA, and serious health condition under the FMLA.

19. On August 20, 2019, Ms. Minissali underwent a spinal surgery on her back to address her serious health condition/disability and was ordered to remain in bed rest for three (3) weeks.

20. Throughout this time, Field Manager, Benjamin Pascarella ("Mr. Pascarella") instructed Assistant Manager, Tom Ek ("Mr. Ek"), to temporarily assume our client's General Manager duties.

21. Unfortunately, throughout this time, Mr. Ek failed to uphold Chipotle's standards and consistently failed to ensure the store's cleanliness, efficiency, and productivity.

22. As a result, when Ms. Minissali returned to work in November 1st, 2019, she noticed the subpar quality of her store and began working immediately to remedy same.

23. Unfortunately, Ms. Minissali's surgery had painful, lingering effects which prompted her physician to issue her the reasonable restrictions of no lifting heavy objects, as well as no bending or twisting her back.

24. Regrettably, Ms. Minissali's disability/serious health condition was debilitating to the point where she needed to take additional FMLA leave, which she did – with an expected return date of January 9, 2020.

25. When her expected return date grew close, our client reached out to Mr. Pascarella to coordinate her return to work, but the latter advised her that he had to have a "meeting" with Mr. Ek and other managers before our client could begin working again.

26. When Ms. Minissali inquired on the meeting, Mr. Pascarella became evasive and informed her that this meeting (which Ms. Minissali could not take part in) needed to take place before she could return to work.

27. Mr. Pascarella's refusal to allow our client to return to work at her projected date despite being cleared by her medical provider to return.

28. As a result, Ms. Minissali objected to Chipotle's human resources representative, Kristina Rodriguez ("Ms. Rodriguez"), regarding Mr. Pascarella's disability discrimination and FMLA interference.

29. Following the above-noted objections, Mr. Pascarell called Ms. Minissali and ordered her never to "disrespect [him] by calling HR again."

30. By February 3, 2020, when Mr. Pascarella finally allowed Ms. Minissali to return to work, Chipotle continued to foster a discriminatory, retaliatory atmosphere in the workplace in order to push Ms. Minissali out of her employment.

31. Specifically, during the weeks that followed her return, Mr. Ek, clearly disgruntled at not being allowed to usurp Ms. Minissali's position, began sabotaging Ms. Minissali's store by spilling food items, refusing to clean up messes, and actively creating an unsanitary environment.

32. In the following weeks, Ms. Minissali objected to Mr. Pascarella regarding the hostile work environment following her return from FMLA leave and due to her disability.

33. Mr. Pascarella refused to get involved in an attempt to force Ms. Minissali to quit her employment.

34. On May 20, 2020, Mr. Pasceralla terminated Ms. Minissali's employment with Chipotle.

35. The timing of Plaintiff's FMLA leave, her objections to the discrimination and retaliation, and Defendant' termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

36. Defendant interfered with, and ultimately retaliated against, Ms. Minissali because she suffered a serious health condition and because she availed herself to a period of FMLA leave in order to treat and address same.

37. Defendant' conduct constitutes intentional interference and retaliation under the FMLA.

38. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

39. Defendant's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Minissali requiring time off to treat her serious health condition.

40. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

41. In reality, Defendant' termination of Ms. Minissali stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA and FCRA, her objections to discrimination, and engaging in protected activity under the FMLA.

42. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, and FMLA, were intended to prevent.

43. The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA and FCRA, her objections regarding disability discrimination, her engaging in protected activity under the FMLA, and her termination sufficiently clear.

44. Any reason provided by Defendant for its actions is a pretext for discrimination.

45. The person to whom Plaintiff voiced her objections to Defendant's discrimination was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

46. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

47. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and Plaintiff's need for reasonable accommodation.

48. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

49. Ms. Minissali is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Manager.

50. By reason of the foregoing, Defendant' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

51. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

52. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

53. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Minissali based solely upon her disability.

54. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

55. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her son's disability and/or "perceived disability."

56. Defendant did not have a good faith basis for its actions.

57. As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

58. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 34, and 40 through 58, above.

60. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

61. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

62. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. Plaintiff has suffered damages as a result of Defendant' illegal conduct toward her.

64. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT II
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 34, and 40 through 58, above.

67. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

68. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

69. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 34, and 40 through 58, above.

74. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

75. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

76. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

77. Plaintiff's protected activity, and her termination, are causally related.

78. Defendant' stated reasons for Plaintiff's termination are a pretext.

79. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

82. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

83. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 34, and 40 through 58, above.

84. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

85. Plaintiff's objections, and request for reasonable accommodation, constituted

protected activity under the FCRA.

86. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

87. Plaintiff's protected activity, and her termination, are causally related.

88. Defendant' stated reasons for Plaintiff's termination are a pretext.

89. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

90. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

91. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

92. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V
## INTERFERENCE UNDER THE FMLA

93. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 15 through 45, and 56 through 58, above.

94. At all times relevant hereto, Plaintiff was protected by the FMLA.

95. At all times relevant hereto, Defendant interfered with Plaintiff by failing to return Plaintiff to her same or substantially similar position when she was approved to return from FMLA leave.

96. Defendant denied Plaintiff FMLA benefits she was otherwise entitled to.

97. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

98. As a result of Defendant' willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

99. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## RETALIATION UNDER THE FMLA

100. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 15 through 45, and 56 through 58, above.

101. At all times relevant hereto, Plaintiff was protected by the FMLA.

102. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA-protected leave, and for objecting to retaliation.

103. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

104. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

105. As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

106. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 21st day of January, 2022.

> Respectfully Submitted,
>
> By: */s/ Noah Storch*
> Noah E. Storch, Esq.
> Florida Bar No. 0085476
> RICHARD CELLER LEGAL, P.A.
> 10368 W. SR 84, Suite 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: noah@floridaovertimelawyer.com